By the Court.
 

 The property in this case was levied on as the pro-srty of M'Laughlin, at twenty minutes past eight o’clock, P. M., 7 the 19th of July. On the 16th of July a bill of sale of this proper- •, either absolute or conditional, was made by M'Laughlin to James nderson for the consideration of $75, in payment of a debt as to 17 50, and as to the balance of $37 50 in trust for M'Laughlin’s ■editors, subject to a right of redemption: under this Anderson went to possession of the property; and executed a bill of sale for it to ay ton & Sipple on the 19th of July at night, between eight and ten Bclock.
 

 
 *514
 

 Ridgely,
 
 for plaintiffs.
 

 Houston,
 
 for defendant.
 

 The question then is, whether Layton & Sipple had, at the time of the sheriff’s levy, such a possession of these goods, either actual or constructive, as will enable them to maintain replevin. Originally, in England, a fi. fa. was held to bind the goods of the defendant from its test, which often operated great injustice by invalidating intermediate fair sales; to remedy which the
 
 Stat 29, Car. 2, ch, S, sec.
 
 1G, commonly called the statute of frauds, enacted that the execution should bind the goods only from the time of its delivery to the sheriff, which is the provision of our act of assembly.
 
 (Tidd's Prac.
 
 914.) But we apprehend that this lien does not operate to change the property in the goods until actual seizure, in England; or a seizure, or at least an inventory and appraisement here; which seems to be regarded in our practice as equivalent to a levy. (1
 
 Harr. Rep.
 
 107.)
 

 It is admitted in this case that actual possession was not delivered to Layton & Sipple, until after the execution against M'Laugh-Iin went into the sheriff’s hands. But it is contended, that as the vendees under the bill of sale of the 19th of July, they had such a constructive possession as will entitle them to maintain replevin against the sheriff for taking the goods afterwards.
 

 But the question still is, did the sheriff take the goods after the plaintiffs acquired either an actual or constructive possession! The plaintiffs are bound to prove this, there being a plea of non-cepit The proof is that the bill of sale was made between eight and ter o’clock, JP. M., and the inventory and appraisement at twenty min ufes past eight o’clock on the same day. The sheriff so states in hi: return. He is a party here, and this may be controverted; but if no disproved we must take it to be true, that the sheriff was in actúa possession of these goods at twenty minutes past eight o’clock on th< same evening when the plaintiffs, between eight and ten o’clock purchased the goods of Anderson. This proof does not satisfy u that the sheriff took the goods from their possession.
 

 Neither can we sustain the action on the suggestion that plaintiff sue as assignees of Anderson, who-was in possession when the sheri: levied. Such a taking is not the wrong complained of in the decía ration, which sets out a possession in Layton & Sipple.
 

 Nonsuit granted.